Engleman vs. Craig.

---

CASE 89—PETITION EQUITY—NOVEMBER 21.

# Engleman vs. Craig.

APPEAL FROM LINCOLN CIRCUIT COURT.

1. An acknowledgment in a deed of the receipt of the consideration is only *prima facie* evidence of payment, which may be rebutted by proof *aliunde*.

2. A recital of a particular consideration does not exclude proof of other and consistent considerations. (*Trumbo vs. Cartwright*, 1 *A. K. M.*, 582; *Gordon's heirs vs. Gordon*, 1 *Met.*, 285; *Gully vs. Grubbs*, 1 *J. J. M.*, 387.)

M. J. DURHAM,　　　　　　　　　　　　　For Appellant,

CITED—

*Story's Equity*, vol. 1, *p.* 173, secs. 152, 157, 177.

4 *Monroe*, 238; *Stone, &c., vs. Ramsey.*

*Civil Code*, sec. 167.

1 *Johns.*, 139; *Schemerhorn vs. Vanderheyder.*

7 *Johns.*, 341; *Maigley vs. Hauer.*

2 *Johns. Chy.*, 405; *Bostford vs. Burr.*

1 *Johns. Chy.*, 429.

DUNLAP,　　　　　　　　　　　　　　　For Appellee.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

This action was brought, in July, 1864, on a note for six hundred and sixty-six dollars and sixty-six and two third cents, executed by appellee to appellant, on the 7th of February, 1859, and due twelve months thereafter.

For his defense appellee alleged, in his answer, that one J. S. Hughes, appellant, and himself, early in 1859, entered into a copartnership for the sale of goods, wares,

and merchandise, in the town of Stanford, Kentucky, and it was agreed by them that appellant should advance, as capital for the firm, two thousand dollars in cash, one third of which was to be his part thereof, and the other two partners were to execute their notes each for one third of said sum, as their respective portions of the capital; and the note sued upon was executed by appellee for his portion of said sum advanced by appellant. That they embarked in the business and prosecuted it for about eight months with success, when a proposition was made by Hughes and appellant to appellee to purchase from him his interest in the store, &c. Finally they agreed upon terms whereby he sold to his partners all his interest in the partnership effects and went out of the concern. That they attempted to reduce their agreement to writing, by which appellant and Hughes stipulated to indemnify him against all outstanding debts and liabilities of the firm, pay him seven hundred dollars at a future day, and, in addition thereto, appellant was to surrender up to him the note sued on as satisfied and discharged; but, by accident and the mistake of the draftsman of said writing, the stipulation on the part of appellant to surrender said note to him was omitted. He made a copy of said writing part of his answer, which he filed therewith, and alleged it contained the whole of their agreement except the omission of a part of the consideration herein specified; and annexed to his answer an interrogatory to appellant as follows:

"Was not the agreement and contract between Hughes, yourself, and myself, on the dissolution of our partnership, that this note sued on was to be surrendered up to me, and you and Hughes to pay me seven hundred dollars, on account of profit in the concern?"

This interrogatory is answered in the negative by appellant, and he insists that the writing filed by appellee contains their whole agreement, and expresses fully the intent of the parties thereto. It recites that for and in consideration of the sum of seven hundred dollars to be paid as therein provided, appellee had, on the day it bears date, " sold to Hughes and Engleman all his title, claim, and interest in and to all the merchandise, notes, accounts, and other papers of any sort, in anywise belonging to said firm."

By agreement of the parties, the case was transferred to the equity docket, and the witnesses examined orally in court, their statements reduced to writing, and certified to this court in the form of a bill of exceptions. Parol evidence was offered by appellee of the agreement of appellant to surrender up the note sued on to him as a part of the consideration of the sale of his interest in the firm effects, in addition to the seven hundred dollars stipulated to be paid to him, and admitted by the court below over the objections of appellant; and judgment having been rendered against him, he has appealed to this court.

It is admitted by appellant's counsel, that if there was an omission to insert in the writing all the terms of the contract, or if there was a mistake therein, the same can be corrected by parol proof; but he insists that the omission or mistake must be made out by clear and satisfactory proof; that if it is doubtful and uncertain, equity will withhold relief upon the ground that the writing should be taken and regarded as the correct and full expression of the intent of the parties, until the contrary is established beyond reasonable controversy. This is certainly the correct doctrine when applied to deeds or covenants in writing which transfer, or are intended to be evidences of,

rights. Such instruments cannot be opposed or changed in their legal construction by evidence *aliunde*.

But is that the precise question here presented? Appellee, as we have before seen, asserts that the consideration for the sale of his interest in the firm effects to his partners was, in addition to seven hundred dollars, the agreement on the part of appellee to surrender to him the note; and is it competent for him to establish that fact by evidence *aliunde*?

*In Trumbo vs. Cartright* (1 *A. K. M.*, 582) this court said: "Whatever may have been the conflict of authority elsewhere on this point, the doctrine, as settled by this court in numerous cases, is, that an acknowledgment in a deed of the receipt of the consideration is only *prima facie* evidence of payment, which may be rebutted by proof *aliunde*; and that a recital of a particular consideration does not exclude proof of other and consistent considerations." And in the case of *Gordon's heirs vs. Gordon* (1 *Met.*, 285), this question was thoroughly examined, and the case *supra*, and that of *Gully vs. Grubbs* (1 *J. J. M.*, 387) carefully reviewed, which resulted in an approval of the principles recognized in those cases; and it was then said that there has been no adjudication of this court in conflict with the doctrine there stated.

Upon these, and other authorities which might be cited, there cannot be a doubt that the evidence was competent, and the same was properly admitted by the court, and the judgment seems to be sustained by a preponderance of the evidence.

Wherefore, said judgment is *affirmed*.