CASE 13—PETITION ORDINARY—MARCH 22.

# Louisville, &c., Railroad Co. v. Neafus, &c.

APPEAL FROM MEADE CIRCUIT COURT.

| 93 | 53 |
|---|---|
| 96 | 247 |
| 93 | 53 |
| 113 | 126 |
| 118 | 128 |
| o118 | 130 |
| 93 | 53 |
| 124 | 95 |

1. CONTRADICTION OF DEED AS TO CONSIDERATION.—Either party to a deed may show by parol evidence a consideration in addition to or different from that expressed in the deed.

A deed, conveying to a railroad company two strips of land, recited that the consideration for the conveyance of the one strip of land was the benefit to be derived from the building of the road, and that the consideration for the conveyance of the other strip was the agreement of the company to erect a depot on the land. By the parol contract, pursuant to which the deed was executed, it was agreed that both strips of land were to be conveyed in consideration of the erection of the depot. In this action by the grantor to recover damages for the breach of the company's agreement to erect a depot: *Held*—That the action may be maintained on the parol contract, and the true consideration for the defendant's undertaking be shown, even in contravention of the recitals in the deed.

2. MEASURE OF DAMAGES FOR FAILURE OF RAILROAD TO COMPLY WITH ITS CONTRACT TO ERECT DEPOT ON DESIGNATED GROUND.—Where a

land.owner conveys to a railroad company the right of way through his lands for a nominal sum, and also in consideration that the railroad company shall erect a depot upon designated ground sold by him to the company, upon failure of the company to build the depot it becomes liable in damages to the grantor. And the measure of damages in an action for such breach of contract is the amount which the adjacent lands of the plaintiff would have been increased in value, if the contract had been complied with, added to the fair value of the right of way. And it is not error to instruct the jury, that, in arriving at that amount, they are to take as a basis the value, at the time of trial, of the residue of the plaintiffs' lands without the depot, instead of what was the value before the road was built. And whatever would make the plaintiffs' lands of more value as a place of business, by reason of the erection and maintenance of the depot, is a legitimate subject of inquiry.

3. EVIDENCE OF SPECIAL DAMAGE NOT PREJUDICIAL.—As the instructions of the court particularly exclude from the jury speculative or conjectural profits or advantages to plaintiffs, the defendant could not have been prejudiced by evidence of special damage. Besides, evidence that was competent and uncontradicted showed that the general damage sustained was more than that found by the jury, and no complaint is made that the verdict is excessive.

4. ALLEGATIONS AS TO DAMAGES.—Under an allegation of damages the plaintiffs may prove and recover such damages as naturally and necessarily result from the act complained of, and a general allegation in respect thereto is all that is required, except that recovery of a given amount must be prayed for.

In the petition in this case there were averments made as to the value of the two strips of land taken, and of depreciation of value of the residue of the land, by reason of the construction of the road, the alleged amount of each being left blank. The court refused a motion by defendant to require the blanks to be filled. *Held*—That this was not error, as the matters mentioned can not be regarded as relating to special damages.

5. SAME—ELECTION.—Although the remedy prayed for involves two elements of damage, breach of the contract is the only cause of action alleged; and, therefore, the court properly overruled a motion to require plaintiffs to elect.

HELM & BRUCE FOR APPELLANT.

1. The deed executed by plaintiffs to defendant is a written contract, and suit to recover compensation or damages for a breach of the contract should set forth what the written contract was, and if the consideration therein expressed was erroneous should charge that the consideration was expressed by mistake, and should seek to have the writing reformed, and for relief based on the re-formed instrument. The plaintiff can not sue upon a parol contract which was subsequently merged in a

Louisville, &c., Railroad Co. v. Neafus, &c.

written agreement. (Farmer v. Gregory, &c., 78 Ky., 479; Brown v. Parrish, 2 Dana, 9.)

2. The court erred in refusing to require plaintiff to fill the blanks in his petition and thereby to state the amount and extent of the special damages which he claimed. (Jesse v. Shuck, 11 Ky. Law Rep., 463.)

3. It was error to refuse to require the plaintiff to elect which cause of action he would prosecute: whether he would treat the contract as abandoned and sue for such damages as he could recover in a condemnation proceeding, or whether he would treat the contract as still subsisting and sue for damages for the breach thereof.

4. The court erred in allowing, and directing the jury by its instructions to find, not only such damages as resulted from defendant's failure to build and maintain the depot, but also, and in addition thereto, such damages as resulted from defendant's occupation of plaintiff's land and its building a railroad thereon.

5. The court erred in refusing to exclude from the jury the consideration of damages resulting from plaintiff's inability to sell town lots. (Smith v. Western Union Tel. Co., 83 Ky., 115.)

FARLEIGH & STRAUS FOR APPELLEES.

1. Notwithstanding the recital in the deed, it was competent to show, by oral evidence, the true consideration without alleging fraud or mistake. (Wharton's Law of Evidence (3d ed.), sec. 1044; Weaver v. Woods, 9 Barr, 220; Everson v. Fry, 72 Pa. St., 330; Barbour's Dig. Title "Deeds," sec. 247 and cases there cited.)

2. In so far as the blanks in the petition related to matters of general damage, the court did not err in refusing to require them to be filled; and, in so far as they related to matters of special damage, the error in refusing to require them to be filled was not prejudicial, as they were entirely ignored in the trial and formed no part of the damages recovered.

Under a general allegation of damages, the plaintiff may prove and recover those damages which naturally and necessarily result from the act complained of. (1 Sutherland on Damages, p. 763; Jesse v. Shuck, 1 Ky. Law Rep., 463.)

3. The court properly instructed the jury as to the measure of damages. (2 Rorer on Railroads, 864; Watterson v. Alleghaney R. Co., 74 Pa. St., 208; Mobile, &c., R. Co., v. Gilmer, 85 Ala., 422.)

In determining the meaning of the instructions they should be considered with reference to the evidence. (Million v. Riley, &c., 1 Dana, 363.)

4. Whatever affects the market value of the property is a proper subject of investigation. (2 Wood's Railway Law, 906; Dwight v. Hampden, 11 Cush., 201; Shenango, &c., R. Co. v. Braham, 79 Pa. St., 447; Haslem v. Galena, &c., R. Co., 64 Ill., 353; Whitney v. Boston, 98 Mass., 312.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellees, husband and wife, brought this action to recover of appellant damages for breach of contract. It is stated in the petition that they are owners of a tract of land in Meade county, and proceedings for fixing their compensation in damages for way of appellant's railroad over it being then pending, a contract was made between the parties whereby appellant agreed that if they would convey to it for such way, a strip eighty feet wide through the land, and another seventy feet wide and one thousand two hundred feet long, it would construct and maintain on the latter strip a depot station; that they, in pursuance of the contract, did, June 27, 1887, execute and deliver the required deed, and under it appellant immediately took possession of both strips and built thereon and has since operated its railroad; yet, though requested, has refused to construct and maintain the depot station, as agreed.

In the answer it is alleged that the real consideration for the agreement on part of appellant is the one recited in the deed—not that stated in the petition. And counsel now contend no action can be maintained on the parol contract set out in the petition, because it became merged into the written contract, upon which only can an action for the cause alleged be based. The error of that argument arises from confounding the agreement of appellant with the consideration for it. It does appear from the deed, that the strip of eighty feet, on which is built the main track, was conveyed for the recited consideration of "benefit to be derived from the building of the road and one dollar paid;" while grant of the seventy feet is the only expressed consideration for the agreement or undertaking of appellant. But there is no dispute of the

alleged parol contract having been made and complied with by appellees, nor variance between the petition and deed in respect to the terms or import of appellant's undertaking; for in the deed it is expressly stipulated that "the Louisville, St. Louis and Texas Railway Company agrees and undertakes to construct and maintain on said seventy feet a side track and depot station." Consequently, whether consideration for the agreement or undertaking by appellant was as stated in the petition, or as expressed in the deed, is not a material inquiry, except in determining the measure of damages for the breach, that appellant does not deny it was guilty of. Nor would recital of the consideration in the deed, even if the action was based upon it instead of the parol contract, be at all conclusive of the question; for there is no rule better settled by this court than the one allowing a party to show, by parol evidence, a consideration in addition to or different from that expressed on face of a deed or other written memorial of the contract.

We, therefore, see no reason why this action may not be maintained on the parol contract set out in the petition, and the true consideration for appellant's undertaking be shown, even in contravention of recitals on that subject in the deed, which appears to have been executed simply in compliance with appellees' part of the contract. And, in this connection, it is proper to say that on the trial the evidence was conclusive the real consideration was as stated in the petition.

Before answering, appellant moved the court to require certain blanks in the petition filled, and refusal of that motion is made a distinct ground for reversal. But as the motion was made seemingly upon the assumption

the amounts left blank related to matters of special damages, we will consider it in connection with instructions to the jury also complained of; though it is not necessary to refer to such parts of the petition as were stricken out, nor to that portion in regard to which neither evidence was offered, nor instructions given.

The instructions are as follows:

1. "The plaintiffs are entitled to recover, and the jury should find for them, the damages, if any, they may have sustained because of the defendant's failure to construct and maintain a side-track and depot station on the strip of ground seventy feet wide, referred to in the pleadings; and, in addition thereto, the damages, if any, they may have sustained by the building of the defendant's railroad through their lands on the strip of land eighty feet wide, referred to in the pleadings."

2. "The measure of damages the plaintiffs are entitled to recover under instruction No. 1, if any, is: difference in the market value, if any, of the plaintiffs' lands without said depot, and what their market value would be had said depot been constructed and maintained and used by said defendant as a depot for freight and passengers, as depots are ordinarily used for such purposes at such places. And in determining this difference in value, if there be such difference, the jury shall not consider the profits which might have been made by the plaintiffs, or either of them, in any business they might have established at said point; but the jury may consider the reasonable adaptation of the point for business purposes, which would enhance the market value of the said lands."

3. "The plaintiffs are further entitled to recover, as

damages under instruction No. 1, the damages, if any, resulting to plaintiffs' lands from the construction of the railroad through their farm. And the jury are directed, in estimating said damages, to find the value of the land as now cut and occupied by the road, and then find what it would be worth if not cut and occupied by said road; and the difference, if any, is the damage they are entitled to recover on that account."

We perceive no error prejudicial to appellant in either substance or form of these instructions.

*First.* Appellees were legally entitled to, and would, under the pending proceedings, have inevitably obtained, compensation in damages for value of the two strips actually taken, and also an amount determined by ascertaining the difference in value of the entire land before and after they were severed from it, without reference to any enhancement resulting from building the railroad. That compensation having, upon faith and in consideration of the agreement on part of appellant, been released and given up, the amount of it should be now unquestionably treated as an element of damages for violation of the agreement. Certainly, the mode by which the jury was directed to ascertain the amount of such compensation can not be complained of by appellant; for not only might value of the seventy-foot strip, by fair interpretation of the instructions, been excluded from computation, but enhancement of the land on account of the building of the road included in the calculation.

*Second.* It is, we think, also clear that in addition to value of the right of way, appellees are entitled to recover as damages the amount that the residue of their land would have been increased in value if the depot station

had been constructed and maintained; otherwise they would be restricted to what they could have in the first instance received without the contract; and the undertaking of appellant, though founded on a valuable 'consideration, would have been of no advantage or benefit to them, nor for any practicable purpose obligatory upon appellant.

In Rorer on Railroads, volume 2, 864, the rule is thus stated : " When a land-owner conveys the right of way through his lands for a nominal sum and also in consideration that the railroad company should erect a depot upon designated ground sold by the land-owner to the company, upon failure of the company to perform, by building the depot, it becomes liable in damages to such land-owner. And the true measure of damages, in an action for such breach of contract, is not the amount which the right of way would have been assessed at if condemned under the statute, but is the amount or sum of money in which the adjacent lands of such owner would have been increased in value if the contract had been complied with, added to the fair value of the right of way. These two together, as an aggregate sum, form the measure of damages in such action, and the value of the right of way is to be ascertained in the usual manner."

The rule is thus stated on authority of Watterson v. Allegheny R. Co., 74 Pa. St., 208, where the cause of action was a breach of contract like this. In that case, after stating the agreement to build a depot introduced a new element of damages, the court said : " Whether this would increase or diminish the value to be assessed in a legal proceeding, would not now be a question ; for this, it must be presumed, the parties considered when they

made the contract. It must be presumed the company considered it better for them to erect the depot, in order to obtain the right of way, than it would be to go to law and take the chances."

It is, however, contended that by the second instruction the jury was erroneously directed to ascertain and determine the difference between what would have been the value of the residue of appellees' lands with the depot station, and what *is now* the value without it, instead of what *was* the value before the road was built. Assuming that interpretation of the instruction to be correct, we do not see wherein it is either inaccurate or prejudicial to appellant. It must be presumed the parties to the contract contemplated the road would be built before erection of the depot, and, therefore, had in view the comparative value of the land with or without the depot station after construction of the road. But, be that as it may, although under the Constitution, as construed by this court, prospective advantages or benefits from building a railroad can not be considered in fixing compensation of the owner for land taken without his consent, it is not to be necessarily assumed the land of appellees is now of less value, though without the depot station, than it was before the road was located.

It is alleged in the petition that if appellant had performed its part of the contract, " value of the residue of appellees' land would have been thereby greatly enhanced, and they would have been enabled to sell—acres thereof, near said depot, at from one hundred and twenty-five to two hundred dollars per acre, as town lots; whereas the same lands are not now worth more than fifteen to twenty dollars per acre." The motion to strike out was sustained

as to that part of the foregoing extract in which is aver-
ment of the price at which the land could have been sold
as town lots, but overruled as to the last portion of it.
A motion was, however, made during the trial to exclude
from the jury evidence of damage based upon expectation
of appellees as to any business which they might conduct.
Whereupon, the court stated to the jury that they could
not consider any profits to appellees that might result
from any contemplated business to be conducted by them,
but refused to exclude all consideration of damages that
might have resulted because of their failure to sell town
lots, without the depot station. No particular sum at
which town lots could have been sold was given in evi-
dence, but the statement was made in general terms, that
as a result of erection and maintenance of the depot
station many town lots could have been sold. There
were averments made as to the value of the two strips of
land taken, and of depreciation of value of the residue
of the land by reason of construction of the road, the
alleged amount of each being left blank. But it seems
to us immaterial whether these blanks were or not filled,
because the matters mentioned can not be regarded as
relating to special damages. The rule is, that under an
allegation of damages the plaintiff may prove and recover
such damages as naturally and necessarily result from the
act complained of; and a general allegation in respect
thereto is all that is required, except that recovery of a
given amount must be prayed for.

Whatever would make appellees' lands of more value
as a place of business, by reason of the erection and
maintenance of the depot station, is a legitimate subject
of inquiry, because within purview of the contract, and

the loss in value as a natural consequence of appellant's failure to comply with its part of the contract, falls within the damage which they are entitled to recover. The instructions of the court particularly exclude from the jury speculative or conjectural profits or advantages to appellee, and we think the jury, being thus confined to an inquiry as to the natural loss or damage resulting from appellant's breach, could not have considered any matters of special damage to which appellant objected. Besides, evidence that was competent and uncontradicted showed the general damage sustained on account of appellant's failure to comply with its contract, was greatly more than that found by the jury, and no complaint is made the verdict of the jury was, as to amount, excessive.

It is further contended that two distinct causes of action are stated in the petition, and consequently, the motion requiring appellees to elect which they would prosecute ought to have been sustained. In that we think counsel are mistaken, for though the remedy prayed for involves two elements of damages, breach of the contract is the only cause of action alleged.

Judgment affirmed.