CASE 39—PETITION EQUITY—DECEMBER 8.

# Louisville, &c., Railway Company v. Taylor.

APPEAL FROM DAVEISS CIRCUIT COURT.

1. ACCEPTANCE OF DEED—ESTOPPEL.—Where a deed to a railroad company conveying right of way through the grantor's land was, after being signed, kept in possession of the company for about six months and until the road had been graded over the entire strip of land without any notice whatever to the grantor that it was not accepted, the company was estopped to disaffirm the contract or evade its own undertaking.

2. DAMAGES FOR FAILURE OF RAILROAD COMPANY TO PERFORM CONTRACT TO BUILD FENCES, &c.—For failure of the railroad company to build fences, stock-gaps, &c., and to give the grantor and family free transportation over its road, which undertakings constituted the consideration for the conveyance, the company is liable to the grantor in damages. Whether specific performance might have been enforced by the chancellor it is not necessary to decide, as neither party is asking it.

3. SAME—REPORT OF COMMISSIONER PENDING APPEAL.—The court properly disregarded a report as to amount of damages made by a commissioner pending an appeal from the order of reference, and it can not be assumed that certain items of damage embraced in the amount reported by the commissioner, which it is claimed were not proper elements of damage, were included in the amount finally adjudged by the chancellor, the plaintiff, independent of those elements, having been damaged more than the sum adjudged by the court.

4. CHANCELLOR'S FINDING AS TO AMOUNT TREATED AS VERDICT OF JURY.—This court is not authorized to reverse because the amount found is too little, nor because it is too much, for either party might have had the issue tried by a jury, and as neither moved for such trial, the finding of the court must be treated as the finding of a properly instructed jury.

HELM & BRUCE, R. A. MILLER AND FAIRLEIGH & STRAUS
FOR APPELLANT.

1. The alleged contract between the appellant and the appellee having been disaffirmed by the appellant, the appellee, in seeking to recover the land over which the right of way was given, instead of bringing an action upon the contract, in effect accepted the disaffirmance, whereby the contract is annulled, and the appellee should not have been permitted to file an amended petition relying upon the rescinded

Louisville, &c., Railway Company v. Taylor.

contract. (2 Parsons on Contracts, 812, 7th ed.; Bouvier's Law Dict., 468, and cases cited; Suber v. Pullin, 1 S. C., 273; Wheeden v. Fiske, 50 N. H., 125; 5 Wait's Actions and Defenses, 507; 21 Am. & Eng. Enc. of Law, 17; Idem, 44 and 92; Cutter v. Powell, 2 Smith's Leading Cases, 14 and 48; Kinney v. Kiernan, 49 N. Y., 168; Stevens v. Hyde, 32 Barbour, 171; Morris v. Rexford, 18 N. Y., 552.)

2. The appellee having instituted an action against appellant in ejectment, the court erred in permitting appellee to set up the alleged contract and pray for damages for the breach thereof. (Taylor v. Moran, 4 Met., 130; Humphrey v. Hughes, G'd'n, 79 Ky., 489.)

3. The only substantial actions before the court were one in ejectment, and the one to recover damages for the breach of a contract, and the order of the court transferring the case to equity was erroneous, both being actions at law.

4. The appellant (defendant) at the time of the filing of the amended petition having already instituted condemnation proceedings against the plaintiff, the plea in abatement was good, and a judgment abating the action by the appellee (plaintiff) should have been entered, both actions being between the same parties about the same subject-matter.

5. In the absence of proof that either Pierce or Powers was authorized by the railroad company to make the contract with the plaintiff, the finding of the court that the contract, as stated in the amended petition, was made, was wholly against the evidence.

6. The provisions of the contract being that defendant should perform several independant acts, an averment for damages for the breach of the whole is not sufficient, but plaintiff should have alleged damages for the breach of each independent act.

7. The commissioner's report upon which the judgment of the court was based gave double damages by allowing damages upon the land, and also upon each breach of the contract alleged.

C. S. WALKER AND SWEENEY, ELLIS & SWEENEY FOR APPELLEE.

1. The deed conveying the right of way to appellant having been signed and delivered by the appellee, the plea that appellant entered the land under a verbal contract with appellee can not be supported by the evidence in the case.

2. Appellant is estopped to deny that Powers was its agent and had the power to make such contracts, since it had held him out to the public as having the authority generally to procure rights of way for the railroad. (Helm, &c., v. Short, &c., 7 Bush, 625; Pope v. Cain, &c., 8 Ky. L. R., 354; Butler v. Maples, 76 U. S., 766; Bell v. Offutt, 10 Bush, 643; Allen v. Sykes, 5 J. J. Mar., 614; Morrison's Ex'rs v. Taylor, 6 Mon., 85; Southern Life Ins. Co. v. McCain 96 U. S., 84; Townsend v. Chappell, 79 U. S., 681; Martin v. Webb, 110 U-

Louisville, &c , Railway Company v. Taylor.

S., 7; Mahoney Mining Co. v. Bank, 104 U. S., 192; Kaufman Bros. & Co. v. Farley M'f'g Co., 78 Iowa, 679; 16 Am. St. Rep., 465.)

3. The appellant having kept the contract in its possession for six months after it was signed by appellee and delivered to appellant through its agent, without any notice that it would not be accepted, and appellant having, within two weeks after the signing and delivery of the deed, entered upon the land and constructed its railroad over the same, it is now estopped to deny the contract, or that the same was procured without its authority. (Forsythe v. Bonta, 5 Bush, 549; Bates' Ex'rs v. Best's Ex'rs, 13 B. M., 217; Owsley v. Phillips, 78 Ky., 520; Law v. Cross, 66 U. S., 533; Field v. Farrington, 77 U. S., 141; Howard Ins. Co. v. Owens, 14 Ky. L. R. 881.)

4. The weight of evidence clearly sustains the conclusions of the chancellor " that the conveyance from the plaintiff to defendant was accepted by the defendant, and that the latter entered under the same into possession of the granted premises," and the judgment, therefore, should be sustained   (Dehazer v. Dehazer, 11 Ky. L. R., 159; Cowan v. Prowse, 14 Ky. R., 274; Pyle v. Brown, 13 Ky. L. R., 95; Williams v. Williams. 13 Ky. L. R., 591; Oman v. Oman, 13 Ky. L. R., 735; Fuqua v. Fuqua, 13 Ky. L. R., 130; Duckworth v. Hisle, 14 Ky. L. R., 222; McDyer v. Large, 13 Ky. L. R., 430; Roe v. Sennit, 13 Ky. L. R., 161.)

5. The failure of the grantee (appellant) to sign the deed conveying the right of way through the grantor's land, does not make the contract invalid or bring it within the statute of frauds. (Gulley v. Grubbs, 1 J. J. Mar , 386; Coles v. Browne, 4 N. Y. Ch. Rep , 1077; Waterman on Specific Performance of Contracts, sec. 239 and note; Addison on Contracts, vol. 1, sec. 204; Lee v. Cherry, 4 Am. St. Rep., 801; Cartrell v. Stafford, 41 Am. Rep., 757; General Stat., chap. 22, pp. 295–6 ; Idem. chap. 24, sec. 15, p. 316.)

6. The appellee sustained damages in a much larger sum than the $6,406.55 as found by the chancellor, and the judgment of the lower court is manifestly against the evidence in that respect. (L., St. L. & T. Ry. Co. v. Neafus, &c., 13 Ky. L. R., 953; 19 Am. & Eng. Enc. of Law, 820; Erie, &c., R. Co. v. Douthet, 32 Am. Rep., 451–2 , 19 Am. & Eng. Enc. of Law, 850, 851, 853; 5 Am. & Eng. Enc. of Law, 622.)

7. A receiver having been appointed by the U. S. Circuit Court for the appellant railroad company, specific performance of the contract can not be enforced as at first contended by the appellee, and the remedy of appellee is to recover damages sustained by the breach of the contract on the part of the appellant. (20 Am. & Eng. Enc. of Law. 365; Louisville Southern Railway Co. v. Ragland, 15 Ky. L. R., 814; Supplement to Rev. Stat. U. S , 1874–1891, vol. 1, p. 614; 20 Am. & Eng. Enc. of Law, 375, and notes on page 876.)

8. The case was properly transferred to equity under the amendment to the 10th sec. of the Civil Code.   (Acts 1889–90, vol. 1, p. 115.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

May 17, 1887, E. P. Taylor conveyed to Louisville, St. Louis and Texas Railway Company a right of way over a strip of land through three adjacent tracts of 197, 130 and 93 acres, upon which its railroad, extending from Louisville to Henderson, was located.   But May, 1891, he brought an action to recover said strip, although the entire line of road had then been completed and was in operation.

In his petition he stated substantially that the consideration for the conveyance expressed in the writing was that defendant agreed to build and keep in repair a fence through his land on both sides of the railroad made of slats and wire; to build and keep in good repair stock-gaps at reasonable distances apart; to build within a reasonable time, and keep in repair, a good substantial depot and switch on his land where the railroad intersects the Iceland road, at which all passing trains should stop when flagged or signaled; and that he and his family were to have the right to travel on the line of road free of charge.   But that though defendant, in virtue alone of that conveyance, entered and built upon said strip and has since used the railroad, it has refused to perform either undertaking which constituted consideration of the conveyance.

As the railroad was completed and put in operation from one terminal point to the other with knowledge of and without objection by plaintiff, it is manifest the action for recovery of the strip of land could not have been maintained.   And he, abandoning it in the

form it was originally brought, filed an amended petition in which, after setting up the same alleged facts, asked judgment for specific performance of the contract, but if that could not be rendered and enforced, then judgment for damages for the alleged breach.  And on his motion the action was transferred to equity, when, May 2, 1891, judgment was rendered which, in substance, gave defendant until August 1, 1891, in which to perform the undertakings stipulated in the contract, and the master commissioner was directed, in case of its continued failure, to ascertain and report the damages sustained by the plaintiff by reason thereof.

From that judgment an appeal was prosecuted to this court, but dismissed because prematurely taken. Upon return of the case an order was made directing the commissioner to take further proof as to amount of damage sustained by the plaintiff, and upon the whole evidence a final judgment was rendered in favor of plaintiff for six thousand four hundred and six dollars and fifty-five cents.

It appears that the conveyance of May, 1887, was signed by E. P. Taylor, and by R. R. Pierce and A. D. Powers as attesting witnesses.  But it was averred in answer of defendant and attempted to be proved that, though it was, after being so signed, left by plaintiff in possession of Powers, it was a mere proposition, never accepted by the company, and consequently not binding on it.  Both Pierce and Powers were agents of the company to procure release by land-owners of right of way for the railroad, and it seems to us the evidence shows they were general agents, authorized to make

contracts, like the one in question. But whether they were or not, we are satisfied plaintiff Taylor permitted the company to enter upon and appropriate the slip of land, which was done soon after he made the conveyance, believing and induced by conduct of the company and its agents to believe the conveyance was accepted and would be treated as a completed contract binding upon both parties. For it was, after being signed, kept in possession of the company for about six months, and until the road had been graded over the entire strip of land, without any notice whatever to Taylor that it was not accepted. It seems to us, therefore, the company was estopped to disaffirm the contract or evade its own undertakings, which constituted the consideration. Whether specific performance might have been enforced by the chancellor is not now necessary to decide, because neither party asks for such decision. And the only question before us, or about which there could, as the record stands, be any serious discussion, is as to amount of damages found and adjudged by the lower court.

It appears that in pursuance of the judgment of May, 1891, the master commissioner, September 15, 1891, filed a report showing amount of damages sustained by plaintiff to be six thousand dollars, differing from the sum finally adjudged only four hundred and six dollars and fifty-five cents.

In the estimate of the master commissioner was included the sum of two thousand seven hundred dollars, damages to the three tracts of land, and counsel now argue that the amount finally adjudged by the court was made up partly of the same items, and notwith-

standing they were held in Louisville, &c., Railroad Company v. Neafus, &c., 93 Ky., 53, to be proper elements of damage in such case as this, the judgment appealed from is erroneous in that respect, and ought to be reversed and that case overruled. As the report of the commissioner mentioned was made pending appeal to this court from the judgment of May, 1891, it ought to have been, and was, in fact, disregarded by the lower court. So upon return of the case from this court it was re-referred to the commissioner to hear and report additional evidence, which he did, without undertaking to estimate amount of damages sustained by plaintiff; and upon the whole evidence the lower court rendered the judgment now appealed from. It does not, therefore, follow the sum of damages to the three tracts was included in or forms part of the amount so adjudged. For the evidence shows that independent of those elements, plaintiff was damaged by failure of defendant to perform its undertaking more than the sum actually found and adjudged by the court.

Only a portion of the fence the company agreed to build and keep in repair was ever made; it refused to transport the plaintiff and his family over the road free of charge, and all that has been done in compliance of its undertaking to erect and keep in repair a good substantial depot and switch at the place mentioned, has been the building of a short uncovered platform, costing not exceeding twenty-five dollars. It is true a side-track has been made there, but that is of no advantage to plaintiff without a permanent depot for passengers and freight; and the conduct of the

company gives no assurance there ever will be a depot permanently established; for not only has it denied its obligation to do so, but when given by the lower court an election to comply with the contract, it either stubbornly, or with intention to retain the right to abandon the place as a station, refused to erect a depot building, which might have been done at a cost not exceeding eight hundred dollars. It seems to us this can not be regarded otherwise than a case where the owner is deprived of his land for use of a railroad track by means of deliberate promises and undertakings by a company, which it never intended to perform unless compelled to do so after tedious and useless litigation.

We do not think we are authorized to disregard the judgment of the chancellor, and reverse because the amount found is too little, nor because it is too much, even if the elements of damage in question were included in his estimate; for either party might have had the issue tried by a jury, and as neither moved for such trial, the finding of the court must be treated in accordance with previous decisions of this court construing section 10, Civil Code, as finding of a properly instructed jury.

Judgment affirmed.