CASE 14—ACTION BY M. L. INGE AND ANOTHER AGAINST P. F. CRAFTON AND OTHERS FOR A DIVISION OF THE LANDS OF A DECEDENT BETWEEN HIS HEIRS.—December 12.

# Crafton, &c. v. Inge, &c.

Appeal from Henderson Circuit Court.

J. W. HENSON, Circuit Judge.

Judgment for plaintiffs.    Defendants appeal. Reversed.

1. Descent and Distribution — Advancements—Sufficiency of Evidence.—Evidence held to show that a conveyance made to a daughter and her husband was intended as an advancement to her and not in consideration of a purchase price mentioned in the deed.

2. Witnesses—Competency—Conversation had with Deceased Person.—Under the express provisions of Civ. Code Prac., sec. 606, limiting the competency of testimony concerning conversations and transactions had with persons since deceased, plaintiff could not show that, in a conversation had between him and decedent, services to be performed, etc., were agreed upon as the consideration for a conveyance of land made by decedent to himself, where no other person was present at the conversation and no one interested in the estate testified against plaintiff in reference thereto.

3. Same—Persons Interested in Estate.—Plaintiffs claimed that

the consideration for land conveyed to them by decedent was the performance of services, etc.   Decedent's widow testified that the conveyance was made as an advancment. Held that, since her property rights could not be affected by plaintiff's claim her evidence was not embraced by Civ. Code Prac. sec. 606, permitting a person to testify as to transactions with a decedent when one interested in his estate shall have testified against such person with reference thereto.

4.  Same.—Civ. Code Prac., sec. 606, permits a person to testify as to transactions with a decedent when one interested in his estate shall have testified against such person with reference thereto.   Held, that plaintiff could not make his testimony as to a transaction with a decedent competent by eliciting as new matter, on cross-examination, testimony against himself as to the transaction from one interested in the estate.

5.  Deeds — Consideration — Conclusiveness of Recital. — The recital of the consideration in a deed is not conclusive evidence of its truth, as it may be shown by verbal testimony or by circumstances that the recited consideration is not true.

THOS. E. & E. C. WARD for Appellant.

POINTS DISCUSSED AND AUTHORITIES CITED.

1.  Advancements: (Section 1407 Kentucky Statutes; Cleaver & Wife v. Kirk's Heirs, 60th, Ky. P. 270; Clark, &c. v. Clarke, 56th, Ky., P. 699, &c.)

2.  Is a party to a verbal contract with a decedent a competent witness to establish such contract?   (Sub-division 2 of Section 606, Civil Codes of Practice.   Carpenter v. Rice's Admr., 25 Ky. Law Rep., Page 1704: Rives, &c. v. Garrott, &c., 25 Ky. Law Rep., Page 2165.

W. P. McCLAIN for Appellees.

AUTHORITIES CITED.

1.  An unrecorded deed evidence of purchase for a valuable consideration.   (Morton v. Robards, 4 Dana 260.)

2.  The recital of consideration in deed is conclusive.   (Powell's Heirs v. Powell's Heirs, 5 Dana 170; Gordon's Heirs v. Gordon's Heirs Metcalfe, Vol. 1, 288.)

3. Deed of land best evidence of terms of sale. (Brown v. Parish, 2 Dana, 9; Armitage v. Wickliffe, 12 B. M., 498; Bourne v. Bourne, 92 Kentucky, 211; 13 Reporter, 545; 12 Reporter, 467.)

4. The statute alone regulates advancement—declaration of parents or grand-parents of no effect. (Clark v. Clark, 17 B. M., 708; Shawhan v. Shawhan, 10th Bush, 602; Bowels v. Winchester, 13th Bush 6.)

5. Until final orders are signed court has control of its proceedings: (Kanatza v. Kanatza's Trustee, 4th Ky. Law Rep., page 448.)

6. Judgment of lower court shall have consideration: (Deshazer v. Deshazer, 1st Reporter, 159; Williams v. Rogers, 4th Bush, 776.)

OPINION OF THE COURT BY JOHN D. CARROLL, COMMISSIONER—Reversing.

M. L. Inge and his wife, who was a daughter of M. J. Crafton, brought this suit for a division of the lands of Crafton. The widow and the other children in the answer sought to charge Inge and his wife with $1,400, the value of 92 acres of land deeded to them in 1884 by M. J. Crafton, alleging that the same was an advancement to his daughter, Mrs. Inge. The chancellor adjudged that this land was purchased by them from M. J. Crafton, and therefore could not be considered an advancement. The only question to be determined is whether or not this land should be charged as an advancement.

M. J. Crafton died, leaving surviving him his widow, a daughter, Mrs. Inge, who married in 1882 when she was about 19 years of age, and two other children, both of whom are living. He owned at the time of his daughter's marriage, and at his death, a good farm, and was a prosperous, industrious business man. Inge, previous to the marriage, had worked for him, and afterwards he and his wife lived with Mr. Crafton for some 15 months. In January, 1884, for the recited consideration of $1,400 cash in

hand paid, M. J. Crafton conveyed to Inge and his wife the land in controversy, but they did not have the deed recorded until 1903, and after the death of Mr. Crafton. Inge does not claim that any cash consideration was paid for the land, but his contention is that it was paid for by giving to M. Crafton the proceeds of the place and his services for two years immediately succeeding his marriage, which services and the profits of the place were equal in value to $1,400. The evidence to the contrary is that this land was given to Inge and his wife as an advancement, and that the $1,400 mentioned in the deed was inserted as the value of the land at that time, and the price at which it should be charged as an advancement, and there is no dispute about the proposition that the land when deeded to Inge and wife was worth that price. It does not appear that Crafton had any kindlier feelings for Mrs. Inge than for his other children, or that he intended to make any substantial difference between his children in the distribution of his estate. Unless this land is charged to Mrs. Inge as an advancement, she will receive from the estate $1,400 more than either of the other children. If, however, the land was actually bought and paid for by Inge, it would be unjust and improper to charge his wife with it in the settlement of the estate. The evidence, which we have carefully examined, leaves the impression that this land was conveyed to Inge and his wife by Mr. Crafton as an advancement and not in consideration of the purchase price mentioned in the deed, and we will proceed to state briefly the reasons that induce us to reach this conclusion. Two years before the land was conveyed, Inge had married the daughter of Crafton, who was his oldest child. Inge had no property of consequence, and the marriage was not agreeable to Mr. Crafton, but after

the marriage took place they continued to live at his home, and it is reasonable to assume that he desired to help his daughter in some substantial way, and with this object in view conveyed to them jointly this land, inserting as the purchase price $1,400 to show the value of the land, rather than what was paid for it. If the deed had been made to Inge alone, there would be more force in the proposition that he purchased the land, and the fact that the conveyance was to him and his wife strengthens the conclusion that it was intended as a gift to his daughter. Nor is this presumption overcome by the fact that the deed recites a cash consideration of $1,400, it being admitted by Inge that, as a matter of fact, no cash consideration was paid, and, when it is considered that Mr. Crafton was a capable, active, industrious business man, it is not reasonable to assume that he would have been willing to give Inge, as a business proposition, $1,400 for his services for two years, although Inge might in addition have given to him all that he made on the farm during those years. The land cultivated by Inge belonged to Mr. Crafton, and out of the proceeds of his labor he received a support for himself and family; and, although there is testimony to the effect that his services were worth each year $600 to $700, we do not feel authorized to adjudge that he paid as the purchase price for this land the sum of $1,400. The fact that Inge did not have the deed recorded during the lifetime of Mr. Crafton lends color to the theory that he did not buy the land, as it is not usual for persons who have bought and paid for land to retain the deed conveying it for a long period of time without having it put to record.

If the testimony of Inge is competent, there is no evidence in the case, aside from the recital in the

deed as to what consideration, if any, was paid, and
it is manifest that Inge's testimony is not competent.
Section 606 of the Civil Code of Practice provides:
" * * * No person shall testify for himself (d)
concerning any verbal statement of, or any trans-
action with, or any act done or omitted to be done
* * * by one who is * * * dead when the
testimony is offered to be given, (e) except for the
purpose and to the extent of affecting one who is
living, and who, when over fourteen years of age and
of sound mind, heard such statements, or was pres-
ent when such transaction took place, or when such
act was done or omitted, unless: * * * (c) The
decedent, or a representative of, or some one inter-
ested in his estate, shall have testified against such
person with reference thereto. * *" No person
was present when the conversation with Mr. Crafton
related by Inge took place, nor had any person inter-
ested in the estate testified against Inge with
reference to the statements. The widow testified that
the land was given to her daughter as an advance-
ment, and at her suggestion it was deeded to both of
them jointly. Mrs. Crafton, however, is not inter-
ested in the estate except to the extent of the property
given her under the statutes of descent and distribu-
tion and those relating to dower, and her rights in
respect to this property cannot be diminished or
enlarged by the claim asserted by Inge. So far as
her property rights are concerned, they will be the
same whether Inge succeeds or not, and therefore her
evidence is not embraced by the Code provision
authorizing a "person to testify as to transactions
with the decedent when some person interested in his
estate shall have testified against such person with
reference thereto." The language, "some one inter-
ested in his estate," has reference to a person whose

property rights will be in some way affected by the declarations made by the decedent to the person asserting a claim against, or interest in, his estate. When a person who has an interest in the estate, antagonistic to that of the person asserting a claim against it, testifies, then such person may give testimony in his own behalf. But for the saving of this exception in the Code a person asserting a claim against an estate would be placed at a disadvantage, and his claim, however just, might be defeated by the evidence of persons directly interested in overthrowing it. To relieve this hardship, the saving clause in the Code was inserted. Charles Crafton, a son of M. J. Crafton, testified that he heard his father say that he gave this 92 acres of land to Inge and his wife, but this testimony was brought out as new matter on the cross-examination by counsel for Inge, and consequently did not authorize Inge to testify with reference to it, as a person asserting a claim against an estate will not be permitted to make testimony by persons interested in the estate for the purpose of testifying himself as to transactions with the decedent.

The recital of the consideration in the deed is not conclusive evidence of its truth, as it may be shown by verbal testimony or by circumstances that the recited consideration was not true. Engleman v. Craig, 2 Bush, 424; Louisville R. Co. v. Neafus, 93 Ky., 53, 13 Ky. Law Rep., 951, 18 S. W., 1030.

As we have reached the conclusion that no valuable consideration was paid for the land, it must, under the statute, be charged to Mrs. Inge as an advancement. Therefore the judgment is reversed, with directions to the lower court to proceed in conformity with this opinion.