Hart, J.,
 

 dissenting. I concur in the first paragraph of the syllabus of this case, but must dissent from the second paragraph and from the judgment. In my opinion, the statutory disqualification of an interested witness can be removed only by a waiver on the part of the party protected by the provisions for disqualification. To remove the disqualification of an interested witness through the giving or introduction of testimony by an adversary, concerning’matters as to which the disqualified witness is incompetent, the testimony of the adverse party must have been voluntarily given.
 
 Crafton
 
 v.
 
 Inge,
 
 124 Ky., 89, 98 S. W., 325;
 
 Sorrell
 
 v.
 
 McGhee,
 
 178 N. C., 279, 100 S. E., 434;
 
 Patterson
 
 v.
 
 Hughes,
 
 236 Pa., 315, 84 A., 829;
 
 Nottbeck
 
 v.
 
 Chapman,
 
 93 Vt., 378, 108 A., 338.
 

 An interested person cannot make his own testimony competent by eliciting as new matter, on cross-examination of his adversary, evidence as to matters concerning which such interested person is incompetent
 
 (Loeb
 
 v.
 
 Stern, Admx.,
 
 198 Ill., 371, 64 N. E., 1043;
 
 Crafton
 
 v.
 
 Inge, supra; Motz
 
 v.
 
 Motz,
 
 85 App. Div., 4, 82 N. Y. Supp., 926;
 
 Corning
 
 v.
 
 Walker,
 
 100 N. Y., 547,
 
 *52
 
 3 N. E., 290); nor can a party adverse to the representative of a deceased defendant render himself competent by introducing in evidence a deposition of such defendant taken, as upon cross-examination, by the adverse party in the defendant’s lifetime.
 
 McIndoe
 
 v.
 
 Clarke,
 
 57 Wis., 165, 15 N. W., 17;
 
 Puckett
 
 v.
 
 Mullins, Admr.,
 
 106 Va., 248, 55 S. E., 676. The test of competency is to be applied as of the date of trial, and not as of the date the.deposition was taken.
 
 St. Clair
 
 v.
 
 Orr, Admr.,
 
 16 Ohio St., 220.
 

 The judgment should be reversed and the case remanded for new trial.
 

 Bell and Matthias, JJ., concur in the foregoing dissenting opinion.