Chief Justice Robertson
delivered the Opinion of the Court.
Upon a covenant by Nathaniel Owens, to “give” Samuel Durham, for his services in working with his slaves, and superintending his farm during the year 1833, one seventh part of the corn, wheat, oats and rye, which should be “raised and secured”—the latter brought an action of covenant, averring a demand of his part of the crop in July, 1835, and a refusal then to give him any part of it; and obtained a verdict and judgment in damages, to the extent of the value of the various articles at the time of the demand stated in the declaration.
The only question we shall consider, is whether the value of the corn, wheat, &c. in July, 1835, was the legal criterion of recovery: and we think it was not.
When the crop was gathered and secured, and Durham’s service was ended, he was entitled to his portion; and no demand was necessary. The value of his interest at the end of the year 1833, therefore, was the true criterion of his recovery, if he be entitled to recover any *537 thing for a breach of covenant. He could not, by waiting for ten years, or even for nearly two years, as he did, entitle himself to the augmented price of the commodities at that time. If Owens had kept, for him, his allotted portion until he chose to demand it, certainly the actual quantity must necessarily have been reduced by natural waste and incidental casualties in the course of eighteen months. If Owens was guilty of a breach of covenant in not making the proper allotment when the crop was gathered, or when Durham’s service was terminated, Durham was entitled to the value of his interest at that time. And as his right was then perfect, he cannot be entitled to the value at any other time. If it was the duty of Owens then to allot to him his portion, it was not his duty to do so at any future time whenever he .might elect to demand it, and when, in consequence of consumption, it would be impossible to make a specific distribution, and unreasonable to expect it.
Wherefore, without intending to intimate what averments and proofs would be necessary to maintain the action of covenant, or what facts would be sufficient to defeat it, we are of the opinion, that the Circuit Court erred in admitting proof of the value of corn &c. in July, 1835, and in giving judgment on the verdict rendered upon that testimony.
And therefore, the judgment is reversed, and the cause remanded for a new trial.