## Taulbee et al. v. Campbell.

(Decided December 9, 1931.)

S. M. WARD for appellants.

GEORGE E. SAUFLEY and JOHN CAMPBELL for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Henry Campbell brought this suit against Stephen Taulbee and Matt Taulbee, doing business as Taulbee &

Company, to recover damages for the destruction of his barn and contents by fire. From a judgment in his favor for $600, the defendants appeal.

It is first insisted that the attachment was improperly sustained. The argument is that the claim was for unliquidated damages, and that the grounds of attachment were not supported by sufficient evidence. One of the grounds of attachment was that the defendants were about to sell or otherwise dispose of their property, with the fraudulent intent to cheat, hinder, and delay their creditors, including plaintiff. It is the rule in this state that an attachment may be obtained on that ground in an action to recover damages for a tort. Lagerwahl v. White, 154 Ky. 162, 156 S. W. 1079. The affidavits read on the hearing disclosed that defendants were heavily in debt and that they had sold and were constantly selling their property, without applying the proceeds to the paying of their debts. The chancellor held the evidence sufficient, and we concur in his conclusion.

The evidence tends to show the following facts: Appellants were operating a sawmill on the land of appellee. The mill was located only a short distance from appellee's barn. On the day of the fire there was a strong wind blowing in the direction of the barn. The smokestack of the engine emitted large sparks of fire, and they were seen going in the direction of the barn, causing other fires near the barn. A plank was off the roof of the barn, and the fire was first discovered in the fodder near the roof. The mill hands attempted to put the fire out, but were unable to do so because the barn door was locked. We think the evidence that the fire was caused by the negligent operation of the engine was sufficient, not only to take the case to the jury, but to sustain the verdict.

Appellants were not entitled to a peremptory instruction on the ground that the evidence of S. S. Taulbee that he owned the job, and operated the mill at the time of the fire, was uncontradicted. Farmer Osborne, the owner of the mill, testified that he leased the mill to Stephen Taulbee and no other person. S. S. Taulbee was in bankruptcy at the time, and he admitted that no one knew anything about the trade by which he took over the job except his son, and that none of the workmen,

nor the owner of the mill, had been informed of the change. Indeed, his answers on his cross-examination were sufficient to cast suspicion on his claim, and justify the rejection of his evidence by the jury. However, there is merit in the contention that the court erred in refusing to permit counsel to argue to the jury that S. S. Taulbee owned the job, and was operating the mill at the time of the fire, and in telling the jury that it was immaterial so far as the defendants were concerned whether S. S. Taulbee, at the time of the fire, owned the mill, or was in charge of its operations. Appellants were not liable unless they were engaged in the operation of the mill. On this point their answer made an issue. As S. S. Taulbee testified that, at the time of the fire, he owned the job and was operating the mill, it is at once apparent that his evidence, though it may be argued that it was not very persuasive, was sufficient to make a question for the jury, and to authorize the argument which appellants' counsel proposed to make.

The court did not err in refusing the offered instruction to the effect that, if appellee negligently placed, or caused to be placed, in the barn fodder or other inflammable material when there were holes in said barn, and he knew that fire and sparks were usually emitted from the smokestack of the mill when it was in operation, and that but for such negligence on the part of appellee the barn and its contents would not have been burned, they should find for the defendants. Doubtless there are cases where one may be guilty of contributory negligence in failing to take proper precautions to prevent the spread of a fire which he knows is approaching his premises, or in failing to put his premises in suitable order to prevent the spread of fire from an engine which he knows is emitting sparks, but that principle has no application to this case. The fodder was no more inflammable than the usual contents of any barn. The barn was about 170 feet distant from the engine. The only exposed part of the barn was a small opening caused by the removal of a 6-inch plank. It was not shown that appellee knew of the exposure, or that he was present and saw the engine emitting sparks. He had a right to assume that the engine would be operated with ordinary care. In view of the distance of the barn from the engine, he was not charged with the duty of anticipating that sparks would be thrown on the barn, or of taking precautions against

414

a possible fire. In short, there was no showing of contributory negligence.

The court fixed as a measure of damages the "fair market value on December 1, 1930, of the barn and its contents." With respect to the contents the measure of damages is not subject to criticism. With respect to the barn a different question is presented. Strictly speaking, a barn has no market value separate and apart from the land. Whether we would reverse for the inaccuracy need not be determined. It is true that in Illinois Central Railroad Co. v. Nuckols, 212 Ky. 564, 279 S. W. 964, we criticized an instruction awarding such sum in damages as will be reasonably required to replace the destroyed barn on the ground that it might be construed as authorizing the recovery of a sum sufficient to enable plaintiff to replace the barn with a new barn. At the same time we pointed out that the proper measure of damages was "the fair and reasonable value of the barn destroyed." In a case like this, however, perhaps a better and more accurate measure of damages is the reasonable cost of restoring the barn to the condition it was in before the fire, and the evidence should be directed to that question.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.