## Beaver Dam Coal Co. v. Brashear.

(Decided Nov. 18. 1932.)

70

HEAVRIN & SMITH for appellant.
BARNES & SMITH and GILMORE KEOWN for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Reversing.

Appellee, Cicero Brashear, owns a tract of land of 150 acres in Ohio county, subject to the coal rights of the Beaver Dam Coal Company, which owns the coal under this tract and a large body of land adjoining. On July 10, 1925, Brashear filed an action in the Ohio circuit court to recover damages from the coal company for its running water over on his land from the coal mine. The issues were made up, and while the action was pending on June 7, 1926, the coal company began a proceeding in the Ohio county court to condemn a right of way across Brashear's land for a tramroad 19 feet wide, 1,900 feet long, and containing .87 of an acre. The commissioners reported the damages as follows: $100 for the land taken and for damages to

the residue of the tract $300; for fruit trees taken and destroyed, $50; for fencing and gates made necessary $225; and for growing crops, $25—amounting in all to $700. No exceptions were filed to the commissioner's report, and Brashear and wife signed a deed to the coal company; but before it was delivered the coal company concluded that it wanted a wider strip, and offered to pay Brashear $1,000 as a consideration for the dismissal of the pending suit for damages and the right of way 60 feet wide. This was agreed to, and thereupon Brashear and wife executed a deed to the coal company for the tramroad, and in that deed the consideration is expressed in these words: "In consideration of One Dollar, cash in hand paid and other good and valuable consideration, the receipt of which is hereby acknowledged." On November 13, 1930, Brashear brought this action against the coal company alleging in his petition that as a part of the consideration for the tramroad the coal company promised and agreed to construct and maintain cattle guards on his outside boundary lines where the tramroad passed, and to construct and maintain cattle guards where it crossed a road through his land; that the tramroad ran north and south through the land, dividing same about equally, leaving his dwelling house and outbuildings, including his barn, on the west side thereof, and also a large pond some 60 feet in diameter in close proximity thereto, that furnished the plaintiff abundance of water for his stock during the year; that some 40 or 50 acres were bottom land; and that the defendant immediately constructed on the tramway a trestle for its entire distance through his land and placed thereon a track for hauling coal from its mining operation to its tipple and then hauled large quantities of gaub, copperas, sulphur balls, and other poisonous substances from the interior of the mine, and placed same on the tramroad negligently, constructing a large embankment of said material which obstructed the flow of the surface water and poisoned the soil of the land and destroyed it, making the land unproductive and the water in the pond poisonous and filling up the channel of streams flowing across the land, making the land unproductive and unfitted for use, destroying the pasture on the land and the timber growing on a part of it. He alleged that the defendant had not put in the cattle guards and had negligently maintained, on its tramway,

trolley lines suspended from poles at no greater height than 4 or 5 feet from the ground, charged with electricity of sufficient voltage to operate the defendant's cars and to destroy the life of persons and live stock, so that during all this time he had been unable to pasture his lands; that the defendant had from time to time negligently increased the height of its fill by making additional excavations on either side, leaving large borrow pits, undrained and filled with copperas water and other poisonous substances without providing any outlet or escape for it; and that this water poisoned his land.

The defendant by its answer and amended answer denied the allegations of the petition and pleaded the deed and the settlement made at the time the deed was executed in bar of the action. The plaintiff by his reply to the amended answer alleged that as a consideration for the execution and delivery of the deed, the coal company in addition to the agreement to construct the cattle guards also agreed to construct and maintain ditches on either side of the tramway road and on its right of way through his land for the flowage of waters of sufficient width and depth to prevent copperas and other poisonous substances from overflowing upon his land, and agreed that it would clean out and maintain the old ditch through his land of sufficient dimensions and depth to prevent the water from overflowing on his land, and that this was a part of the consideration for the execution and delivery of the deed. The plaintiff by rejoinder denied these allegations. While the matter should properly have been set up in an amended petition, the irregularity cannot be complained of here when no objection was made on this ground in the circuit court.

The issues were made up, and upon the trial of the case before the jury there was a verdict and judgment for the plaintiff for $600. The defendant appeals.

Before filing answer the defendant moved the court to require the plaintiff to elect which cause of action sued on he would prosecute, on the ground that one cause of action was in tort and the other for breach of a contract.

In C. & O. R. Co. v. Patton, 146 Ky. 656, 658, 143 S. W. 25, 26, the plaintiffs sought damages for the obstruction of a passway and also damages for the failure

of the defendant to maintain a grade crossing provided for in the deed for the right of way. Holding that there was a misjoinder, the court said

"Their right to have this crossing maintained being one of contract, this cause of action grew out of that contract. Thus, they had coupled in the same suit a claim for damages growing out of a breach of contract with one for tort." "Clearly, the action for the breach of contract could not properly be joined with the action for damages growing out of the obstruction in the passway. The trial court correctly held that there was a misjoinder and required plaintiffs to elect which cause of action they would prosecute."

To same effect, see Little v. Consolidation Coal Co., 169 Ky. 514, 184 S. W. 873.

The same rule must apply here. The negligent placing of poisonous matter or dangerous wire on the right of way, and so negligently injuring plaintiff's farm, was a tort, and a cause of action therefor cannot be joined with one for breach of contract. The court should have required plaintiff to elect which cause of action he would prosecute.

Appellant also insists that its objection to the evidence as to the alleged agreement to construct cattle guards and ditches should have been sustained, because it varies the written instrument. But by the deed it appears that it is made in consideration of $1 and other considerations, and so the proof of other considerations does not contradict the deed. It is true the deed recites that the receipt of the considerations is acknowledged, but the rule is well settled that a recital in a deed that the consideration is received being a mere acknowledgment of payment, is subject to parol explanation or contradiction. See Knox v. Barbee, 3 Bibb, 526; Clay v. Clay, 3 Metc. 548; I. C. R. v. Manion, 113 Ky. 7, 67 S. W. 40, 101 Am. St. Rep. 345; Apple v. McCullough, 239 Ky. 74, 38 S. W. (2d) 955, and cases cited. By section 472, Kentucky Statutes, the consideration of any writing may be impeached, and under this section it is uniformly held that the true consideration of a deed may be shown by parol, although it contradicts the written instrument. Hite v. Reynolds, 163 Ky. 502, 173 S. W. 1108, Ann. Cas. 1917B, 619; O'Neal v. Turn-

ey's Ex'x, 222 Ky. 361, 300 S. W. 913; Holbrook v. Letcher County, 223 Ky. 597, 4 S. W. (2d) 382. In Louisville, etc., Ry. Co. v. Neafus, 93 Ky. 53, 18 S. W. 1030, the plaintiff sued upon a contract by which, as he alleged, the railroad company agreed to construct a depot upon the ground conveyed. In that case, upholding the admission of parol evidence, the court said:

"We therefore see no reason why this action may not be maintained on the parol contract set out in the petition, and the true consideration for appellant's undertaking be shown, even in contravention of recitals on that subject in the deed, which appears to have been executed simply in compliance with appellee's part of the contract." The evidence here was therefore properly admitted.

It is not alleged in the pleadings that the damages sued for occurred by reason of the failure of the defendant to dig and maintain the ditches on the right of way or clear out and maintain the ditch on plaintiff's land. On the return of the case to the circuit court, if the plaintiff elects to prosecute the action on the contract, he will be allowed to amend his petition so that his whole cause of action theron will be presented. In that event on another trial the court will by instruction 1 tell the jury, in substance, that if they believe from the evidence that the alleged contract was made and that by reason of its breach plaintiff suffered damages, they should find for him, and the court will tell the jury by a separate instruction that unless they believe from the evidence that the defendant, in consideration of the conveyance of the right of way, agreed to put in the cattle guards or dig or maintain ditches on the right of way or clean out or maintain the existing ditch on plaintiff's land, as set out in instruction 1, they should find for the defendant.

The instruction given by the court on the trial did not properly present to the jury the correct measure of damages. If the defendant in the settlement agreed to clean out and maintain the ditch on plaintiff's land and failed to do so, the measure of damages therefor is the reasonable cost of doing the work; if any of plaintiff's timber was killed by reason of defendant's failure to perform its contract as to the ditches on the

right of way, the measure of damages is the fair market value of the timber so killed; if any of plaintiff's crops or pasture were injured thereby, the measure of damages is the difference in the fair market value of the crop or pasture as it was and what its fair market value would have been if the contract as to the ditches on the right of way had not been broken; if injury to the pond was by reason of the breach of the contract as to the ditches on the right of way, the measure of damages is the diminution in the fair cash value of the use of the pond by reason thereof, or if the trouble could have been avoided by plaintiff at a reasonable expense, the reasonable cost of so doing; the measure of damages for the failure to build the cattle guards, under the evidence, is the fair and reasonable value of the pasturage for his stock which he lost thereby. There was some proof that the plaintiff had fed hogs in the ditch and thus stopped it up, and also had placed things across the branch where it left his land, which obstructed the flow of the water and thus caused it to back up on his land and produce the injury complained of. On another trial the court will instruct the jury that the plaintiff cannot recover for any loss that would not have occurred but for the obstructions he placed in the ditch on his land and that it was the duty of the plaintiff to use ordinary care to prevent injury to his property, and that if in case the loss that was sustained could have been avoided by ordinary care on his part, he cannot recover therefor, or if the cause of the trouble could have been removed at a reasonable expense, such as a man of ordinary prudence would incur, then the measure of recovery for such loss is the reasonable expense necessary to remove the trouble.

The defendant offered on the trial a number of witnesses to prove that the corn crop growing on the land in 1930 was good. This evidence was objected to by the plaintiff on the ground that he was only suing for the previous years, but the fact to be determined by the jury is the cause of the injury and its extent. The plaintiff's evidence as to the crops grown in 1927, 1928, and 1929 may exaggerate the injury or the cause of it. How the crops were in 1930 may be shown by the defendant as a circumstance to be considered with all the other facts upon proof that the conditions were practically the same as in the previous years. But the

evidence as to the other years should not be admitted without proof that conditions are practically the same. The same is true as to the water in the pond.

No damages may be allowed for any damages sustained before the settlement in which the deed for the right of way was made, and the court properly so instructed the jury.

Judgment reversed, and cause remanded for a new trial and for further proceedings consistent herewith.