## Barley's Adm'x v. Clover Splint Coal Co. et al.

April 25, 1941.

Rose & Rose for appellant.

J. B. Carter, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

Elmer Barley died January 15, 1939, following an operation for appendicitis. His widow, Celia Barley,

qualified as administratrix of his estate, and brought an action against the Clover Splint Coal Company and Armstrong Matthews, its superintendent, to recover damages for his death. A demurrer to the petition was sustained, and the plaintiff declined to plead further. This is an appeal from the judgment dismissing her petition.

It was alleged in the petition that Elmer Barley was an employee of the Clover Splint Coal Company at the time he became ill, and that he had been assessed $1 a week by his employer to pay the doctor employed by the company for medical treatment. The petition also alleged that the ''decedent suddenly became ill with a fatal disease called appendicitis and called on defendant, Company and its Doctor, Riggens, and on defendant, Armstrong Matthews as superintendent to have said Company Doctor to treat plaintiff's decedent; that said Company and defendant, Matthews, refused to allow and suffer said doctor to treat said decedent and said decedent got steadily worse in the progress of said disease and finally died from lack of medical treatment and lack of an operation in time for appendicitis, which was the proximate cause of said death; that decedent was a poor person and although after he found out that defendant would not allow, suffer or permit said Company doctor to attend and treat decedent, said decedent was forced to and did exercise due care and diligence to secure other medical and surgical treatment for decedent, and in doing so finally got another doctor after the lapse of several days to diagnose and treat decedent, and they finally sent decedent to the Harlan Hospital where he was operated on for appendicitis, but after it was too late and decedent died from said disease after about ten days from said operation.''

While the petition intimates that a contract had been entered into between the decedent and his employer, whereby the employer was to furnish medical services in consideration of $1 retained by it monthly out of the employee's wages, yet the action was in tort. An action for a breach of the contract was maintainable, the measure of damages being the necessary and reasonable expenses incurred in obtaining other medical services. In the absence of a contract no legal duty rested upon the appellees to furnish medical services to the decedent. Section 6 of the Kentucky Statutes,

which gives a right of action for death from injury inflicted by negligence or wrongful act, is confined to torts and does not cover a case of breach of an ordinary contract. Randolph's Adm'r v. Snyder, 139 Ky. 159, 129 S. W. 562; Lewis' Adm'r v. Taylor Coal Company, 112 Ky. 845, 66 S. W. 1044, 23 Ky. Law Rep. 2218, 57 L. R. A. 447. In the present case the plaintiff based her cause of action on the alleged failure of the defendants to furnish medical services to the decedent when requested, and she alleged that such failure was the proximate cause of his death. Obviously such fact cannot be demonstrated by proof. What the result would have been if the doctor employed by the company had treated the decedent is wholly conjectural. In Evans' Adm'r v. Cumberland Telephone & Telegraph Co., 135 Ky. 66, 121 S. W. 959, 960, 135 Am. St. Rep. 444, the administrator of Ernest Evans' estate sued the telephone company for damages for Evans' death allegedly caused by the negligence of the operator in failing to make the connection with the doctor's telephone in consequence of which he did not get the message and Evans was thereby deprived of his services. A demurrer to the petition was sustained and the petition was dismissed. In affirming the judgment, this court said:

"It does not necessarily follow that the doctor would or could have got to the young man before he died. Nor does it necessarily result that, if the doctor had got there, he could have saved the life of the youth. It is true, both propositions are alleged in the petition. But neither is susceptible of proof. A thing not susceptible of being proved cannot be made the basis for a recovery in a lawsuit. That would be to base the recovery upon conjecture alone, which is never allowed."

Here the plaintiff sued, not for loss or expense incurred by the decedent by reason of a breach of contract, but for damages for the decedent's death alleged to have been caused by the defendants' wrongful act in refusing to send the company doctor to treat the decedent. Damages for the breach of the alleged contract would be susceptible of ascertainment with a reasonable degree of certainty, but the damages sought to be recovered in this action are uncertain, contingent, and speculative and such damages cannot be recovered either in actions ex contractu or actions ex delicto. Smitha v.

Gentry, 45 S. W. 515, 516, 20 Ky. Law Rep. 171, 42 L. R. A. 302; Evans' Adm'r v. Cumberland Telephone & Telegraph Co., supra. The following in Smitha v. Gentry from Sutherland on Damages, Volume 1. Section 30, is pertinent here:

" 'The fact that the plaintiff has suffered actual damage from the defendant's conduct is not capable of legal proof, because it is not within the compass of human knowledge, and therefore cannot be shown by human testimony. It depends on numberless unknown contingencies, and can be nothing more than a matter of conjecture.' "

In order to determine whether the death of Elmer Barley resulted from the act of which complaint is made or from some other cause it would be necessary to resort to speculation or conjecture.

We think the petition failed to state a cause of action, and the judgment is affirmed.