## Dalzell v. McClintock.

May 14, 1943.

Samuel Milner for appellant.

Bradley & Blanton for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

In this action the appellant, F. S. Dalzell, sought to recover of appellee, W. G. McClintock, $1587.45 for the death of 70 hogs, including the cost of treating them while sick. The petition as amended averred that the hogs died from cholera or some other "communicable disease" as the result of the alleged negligence of appellee in failing to comply with KRS 257.160 in disposing of the carcasses of diseased hogs dying on his premises, from which carcasses appellant's hogs contracted the disease and died. The verdict was in favor of McClintock and from the judgment entered thereon dismissing the petition, Dalzell appeals.

Two errors are assigned for the reversal of the judgment: (1) The instructions failed to properly define "communicable disease"; (2) incompetent evidence was admitted over appellant's objection.

The litigants occupied adjoining farms in Bourbon County and their hogs ran in adjacent fields separated by a woven wire fence. McClintock had some hogs die in January 1940 during extremely cold weather and his attempt to burn them failed. As the ground was deeply frozen, he did not bury them but put the carcasses in a sink-hole which was variously estimated by several witnesses as being from 6 to 30 feet from Dalzell's line. The evidence is clear that McClintock failed to comply with KRS 257.160 which requires that the carcasses of domestic animals dying with, or which have been destroyed on account of, disease (except in certain instances not here applicable) shall be cremated, boiled or buried in a given manner. But there is great contrariety in the evidence as to whether Dalzell's hogs contracted the disease which killed them from the carcasses McClintock put in this sink-hole, or whether the former's hogs were infected before the latter's died or even became sick. In order for appellant to recover damages from appellee it was incumbent upon him to prove that due to the latter's negligence in not complying with the statute in disposing of the carcasses after the death of his diseased hogs, those of appellant contracted the disease and died therefrom.

It is not contended that the verdict is flagrantly against the evidence but that the court erred in not properly defining "communicable disease" in the instruction as including pneumonia. The same veterinarian, Dr. A. B. Plummer, examined and treated both herds of

hogs while they were sick. It appears from his testimony that each herd was afflicted with cholera and pneumonia and the two diseases "usually run hand in hand". In reference to appellee's hogs Dr. Plummer was asked:

"Q. Now, Dr. Plummer, you say all of these hogs of Mr. McClintock died of pneumonia. Could that pneumonia be transmitted from a carcass? A. Well, we have contagious pneumonia, but in this particular case I would say no contagious pneumonia."

In substance the court instructed the jury that if appellee knew, or by ordinary care should have known, that his hogs were "infected with cholera or a communicable disease" it was his duty to dispose of the carcasses of those dying therefrom by cremating, boiling or burying them as provided in KRS 257.160, and to use ordinary care to prevent his diseased hogs from spreading the infection; that if he negligently failed to perform such duty and as the direct and proximate result of his negligence, if any, appellant's hogs became infected and died, the law was for appellant. The third instruction reads: " 'Communicable Disease,' as used in these instructions, includes hog cholera."

Appellant insists that the court erred in refusing its proffered instruction defining "communicable disease" in hogs as is set out in KRS 257.010, and he especially complains because the court's third instruction quoted in the preceding paragraph did not include pneumonia as a communicable disease. This offered instruction included almost every known communicable disease to which hogs are subject and it was not error for the court to refuse same since none of the diseases named therein, except hog cholera, are applicable to the proven facts in the instant case, and hog cholera was included in the third instruction. It is strongly urged by appellant that pneumonia should have been designated as coming within the definition of "communicable disease." But pneumonia is not included in KRS 257.010, nor in the proffered instruction, although "contagious pleuro-pneumonia" is, and it will be remembered that Dr. Plummer testified that appellee's hogs did not have a contagious pneumonia. As there was no proof that appellee's hogs were infected with any communicable disease, except cholera, the third instruction was proper.

The elementary and long established rule in this jurisdiction is that instructions shall be confined to the issues raised by the pleadings and the evidence adduced in support of them. An issue made by the pleadings is not sufficient to warrant an instruction unless supported by evidence. Stanley's Instructions to Juries, sections 18 and 19, pages 28-30; Leming's Adm'r v. Leachman, 268 Ky. 781, 105 S. W. (2d) 1043; Tipton v. Estill Ice Co., 279 Ky. 793, 132 S. W. (2d) 347. Although appellant's petition as amended alleged his hogs contracted cholera or some other communicable disease from appellee's hogs by reason of the latter's negligence, the proof shows that the only communicable disease which appellant's hogs could have contracted from appellee's hogs was cholera, therefore the court properly limited ''communicable disease'' as used in the instruction to cholera.

Appellant vigorously complains that the court over his objection permitted appellee's counsel on cross-examination to ask him if he had vaccinated his hogs. He argues this left the impression on the jury that he was contributorily negligent if he had not vaccinated his hogs and cites 3 C. J. section 166, page 58; 3 C. J. S., Animals, section 56; 45 C. J. section 505, page 945; Taulbee v. Campbell, 241 Ky. 410, 44 S. W. (2d) 275; Guyan Chevrolet Co. v. Dillow, 264 Ky. 812, 95 S. W. (2d) 796, to the effect that one failing to anticipate the negligence of another is not guilty of contributory negligence.

It is patent that appellant misconstrued the purpose of this cross-examination. It was not to show that he was guilty of contributory negligence but it went to prove whether appellant's hogs had cholera before appellee's became infected. The issue was sharply drawn as to which herd of hogs first got sick and the evidence shows that hogs which have been ''double treated'', or vaccinated against both cholera and pneumonia, are immunized for life against cholera. Appellant previously had testified none of his hogs had cholera, but Frank Hayes testified that he bought hogs from appellant in August 1938 and within less than two months after the purchase they had cholera, and he asked appellant over the telephone if he had vaccinated his hogs, to which he replied in the negative. In the circumstances the failure of appellant to vaccinate his hogs might have had some probative value as to whether or not they were sick be-

fore appellee's hogs had cholera, and as appellee did not plead that appellant's negligence contributed to the sickness of his hogs, and as the sole issue between the litigants was which herd first contracted the disease, we think this evidence was competent.

The judgment is affirmed.