## Stephens v. Broyles et al.

December 16, 1949.

Joe S. Feather for appellant.

W. B. Early for appellees.

CHIEF JUSTICE SIMS—Reversing.

W. A. Stephens instituted this action against Glenn and Allen Broyles, partners doing business as Broyles Lumber Company, to recover $2075 for the breach of an alleged contract to saw certain timber and to purchase same after it was converted into lumber. The trial resulted in a verdict for the defendants and from the judgment entered thereon dismissing the petition, plaintiff appeals.

The sole ground relied upon for reversal is that the court erred in giving instruction number three offered by defendants. Before setting out this instruction we think it will help in clearly understanding the issue to give a brief resume of the pleadings and evidence.

The petition averred, and plaintiff testified, that on Oct. 2, 1946, he purchased two adjoining boundaries of timber in Whitley County, one from Herman Click and the other from Alford Cornelius, each containing 100,000 feet when manufactured into lumber; that about Jan. 2, 1947, he entered into an oral contract, which could be performed within one year, with Glenn Broyles whereby defendants agreed to move their sawmill on the Cornelius farm and saw the logs for $14 per thousand feet, and plaintiff was to deliver to the mill the

logs from each tract; that after the logs were sawed into lumber defendants agreed to pay plaintiff $46 per thousand feet therefor at the millsite. It was further averred and proven by plaintiff that the cost of the timber, cutting it and hauling it to the mill and sawing it into lumber would amount to $37 per thousand feet and he would have made the difference between that sum and the $46 defendants agreed to pay him, or $9 per thousand on 200,000 feet, had defendants not breached their contract in refusing to move their mill onto the land, convert the logs into lumber and then purchase same. Plaintiff further testified that his efforts to get other persons to saw his timber were unsuccessful.

We are not concerned with the item of $275 which plaintiff avers and testified he lost by reason of the alleged breach of the contract, but are only interested in the loss of profits therefrom.

Cornelius testified that the tract he sold plaintiff would run 100,000 feet and he cut trees to the amount of 70,000 feet before he learned the mill would not be moved on his land. Click testified he was experienced in cruising timber and his tract would cut 100,000 feet and the Cornelius tract would run 50,000 or 60,000 feet; that both their tracts could be worked from one millsite.

The answer was a general denial and defendants directed all their proof to the one issue that they made no contract with plaintiff to saw his logs, nor did they agree to purchase the lumber after the logs were sawed. Plaintiff's proof is uncontradicted as to the amount of lumber his timber would make, or as to the cost of getting it to the mill or of sawing it. However, in support of their contention that they had not agreed to buy the finished lumber at $46 per thousand feet, defendants testified that this figure was far in excess of the market price.

The only issue to submit to the jury was whether or not the parties had entered into a contract whereby defendants were to saw the logs for $14 per thousand feet and purchase the lumber at the millsite for $46 per thousand feet. The first paragraph of the first instruction submitted this issue in appropriate language, and the second paragraph thereof told the jury that if they

found for the plaintiff, the measure of the damages was the difference between $37 per thousand feet in getting the logs to the mill and converting same into lumber, and the contract price of $46 per thousand feet for the lumber, not to exceed $9 per thousand on not exceeding 200,000 feet, "and in all your award not to exceed $1800." The second instruction was to the effect that if the jury believed the parties did not enter into the contract referred to in the first instruction, then to find for defendants. No complaint is made of these two instructions.

The third instruction reads:

"The court further instructs you that you cannot find for the plaintiff anything for loss of profits, unless you believe from the evidence that such loss, if any there was, was the natural and proximate and not the remote result or consequence of the breach, if there was such breach, and only such as you believe to have been within the contemplation of the parties when the contract was made, as a probable result of the breach thereof, if there was such contract and such breach, and only such as you are reasonably certain would have been realized, except for such breach of contract, if any there was.

"The court further instructs you that when prospective profits are remote, or conjectural, or speculative, that they cannot be said to be the direct or unavoidable result of the breach, if any there was, and cannot be recovered."

It is patent this instruction is erroneous. In the first place, there is no pleading or evidence to support it. A primary rule of law is that the instructions must be based upon or cover the issues raised by the pleadings and proof. Stanley's Instructions to Juries, secs. 18 and 19, pages 28-31; Nehi Bottling Co. v. Flannery, 264 Ky. 68, 94 S. W. 2d 297; Dalzell v. McClintock, 294 Ky. 319, 171 S. W. 2d 467. Here, both the pleadings and the evidence for the plaintiff show the amount and price of the timber purchased, the cost of getting it to the mill, of sawing it and the sum plaintiff avers and testified defendants were to pay therefor. In the second place, if the evidence shows the profits to be remote, conjectural or speculative, a directed verdict should be

given in favor of defendants and the case should not have been submitted to the jury. 15 Am. Jur., secs. 18 and 19, page 408 et seq.; Smitha v. Gentry, 45 S. W. 515, 20 Ky. Law Rep. 171, 42 L. R. A. 302; Barley's Adm'rs v. Clover Splint Coal Co., 286 Ky. 218, 150 S. W. 2d 670; Western Union Telegraph Co. v. Guard, 283 Ky. 187, 139 S. W. 2d 722, 727; Hogg v. Edley, 236 Ky. 142, 32 S. W. 2d 744.

We call attention to a typographical error in the second paragraph in the first instruction reading, "not to exceed $37 per thousand." This phrase should read, "not less than $37 per thousand."

For the error of the court in giving the third instruction the judgment is reversed for proceedings consistent with this opinion.