### WARNELL v. WARNELL'S ADM'R.

Court of Appeals of Kentucky.
March 6, 1953.

Rodes K. Myers, Bowling Green, for appellant.

G. D. Milliken, Jr., Bowling Green, for appellee.

DUNCAN, Justice.

This is an action upon a note originally instituted by H. J. Warnell and revived by his administrator after his death and

before trial. The trial was before a jury, and judgment pursuant to the verdict was rendered for $1,055, the full amount of the note. Upon the appeal, it is insisted that: (1) the verdict of the jury is not supported by the evidence; (2) the court erred in giving and refusing instructions; and (3) the court erred in placing the burden of proof upon the appellant.

Appellant, Pansy Roof Warnell, and the deceased, H. J. Warnell, were husband and wife until the year 1948 when their marriage was dissolved by divorce. Some two years after the divorce, appellant borrowed from her former husband the sum of $1,055 and executed her promissory note in that amount, due four months thereafter.

Appellant's defense was a special plea of payment. By her answer, she admitted execution of the note but affirmatively alleged that after its execution her former husband became seriously ill and that during a part of the illness she waited on and took care of him, and following such services, he delivered the note to her with the endorsement "paid in full." The reply denied the affirmative allegations of the answer and alleged that appellant procured the note from H. J. Warnell without his knowledge or consent.

In her testimony, appellant claimed to have received the note about December 30, 1950, under the circumstances related in her answer, and she introduced and filed the note with the endorsement of H. J. Warnell followed by the words "paid in full." It is admitted that the signature of H. J. Warnell is genuine, but there is evidence that the words "paid in full" are not in his handwriting. It is also shown that Warnell was in the habit of endorsing checks immediately upon their receipt and carrying them with him after endorsement. A check from a tobacco warehouse dated December 7, 1950, in the amount of $327.83 with the endorsements of H. J. Warnell and appellant was also introduced. Because of the inhibitions of Section 606, subsection 2, Civil Code of Practice, no explanation was offered as to why appellant's signature appeared on the check. The fact that it was endorsed and cashed by her creates some inference that the check was obtained at the same time as the note and under circumstances not altogether consistent with its voluntary delivery.

As further refuting the inference of payment arising from possession of the note, the present administrator of Warnell's estate testified that in March, 1951, he had a conversation with appellant in which she exhibited the note to him with the statement, "Now here's a note that I have about gotten Hubert (H. J. Warnell) paid." This witness was corroborated by his wife, who claimed to have heard the conversation. The statement attributed to appellant, if true, is in direct contradiction of her assertion that the note was satisfied in full by its delivery to her on December 30, 1950.

From our recitation of the testimony, we think it is apparent that the evidence is sufficient to support the verdict.

Appellant complains that the instructions authorized the jury to return a verdict for her only in the event they found the note was given to her as payment for services. She insists that the instructions should also have submitted the question of whether or not the note was delivered to her gratuitously.

It is fundamental that the instructions must be confined to the issues raised by the pleadings and the evidence adduced in support of them. Stephens v. Broyles, 311 Ky. 717, 225 S.W.2d 319; Dalzell v. McClintock, 294 Ky. 319, 171 S.W.2d 467. In determining the issues raised by the pleadings, two well-established rules of construction must be taken into consideration. These are: (1) a pleading will be read as a whole in establishing its meaning, Elcomb Coal Co. v. Hall Land & Mining Co., 272 Ky. 773, 115 S.W.2d 360; and (2) any doubt as to the meaning of a pleading will be resolved against the pleader. Utilities Elec. Mach. Corp. v. Joseph E. Seagram & Sons, 300 Ky. 69, 187 S.W.2d 1015.

Examining the pleadings and applying the rules of construction indicated, we conclude that the sole issue was whether or not H. J. Warnell in return for services rendered to him by the appellant released the obligation of the note by its delivery to her with the endorsement "H. J. Warnell,

paid in full." The instructions correctly submitted the issue.

■■ Appellant insists that an instruction on partial payment should have been given to the jury. Partial payment was not plead, and evidence of part payment is not admissible under a plea of full payment. 70 C.J.S., Payment, § 91, p. 295.

■ Appellant finally contends that the court erred in placing the burden of proof upon her. The record discloses that the first time any objection was made to the action of the court in this respect was in appellant's motion and grounds for a new trial. An objection to the placing of the burden of proof cannot be considered on appeal where it appears for the first time in the motion and grounds for a new trial. Carter Coal Co. v. Love, 173 Ky. 49, 190 S.W. 481; Greer v. Richards' Adm'r, 273 Ky. 91, 115 S.W.2d 568.

The judgment is affirmed.