**Imon G. SPENCER et al., Appellants,**

v.

**William T. WOODS et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 7, 1955.

D. E. Wooldridge, La Grange, for appellants.

James A. Hall, La Grange, for appellees.

CAMMACK, Judge.

This case is before us on a motion for an appeal from a judgment on the plead-

ings in favor of William T. Woods, (defendant below), and from the dismissal of Imon G. Spencer's, (plaintiff below), amended complaint for failure to state a claim therein upon which relief could be granted. We are sustaining the motion because we think the judgment should be reversed.

Spencer entered into a tenancy agreement with Woods, under which the latter agreed to tend an apple orchard on Spencer's farm. Woods was to spray and trim the trees, and perform the ordinary tasks involved in such an undertaking. Spencer, upon maturity of the crop, sold the apples on the trees for $250, without the knowledge or consent of Woods. He then filed his complaint to prevent Woods from interfering with the sale, and to collect $200 in damages. He alleged that sum as the difference between the price received for the crop and the net price which his share would have brought had Woods given proper care to the orchard. Woods denied any breach of his agreement with Spencer and counterclaimed for $125—one-half of the sale price of the apples.

On this appeal Spencer contends that his pleadings properly set forth a claim upon which he could prove damages on a trial; and also, that in view of the damages resulting from Woods' breach of his agreement, Woods was not entitled to judgment for one-half of the sale price of the apples.

 A complaint should not be dismissed for failure to state a claim unless it appears to a certainty that the claimant is entitled to no relief under any state of facts which could be proved in support of the claim. Perry v. Creech Coal Company, D.C.Ky., 55 F.Supp. 998; Clay, CR, 12.02 (7); Moore's Federal Practice, 2nd Ed., section 12.08. In dismissing Spencer's complaint, the lower court apparently adopted the view that his claimed damages were so remote and conjectural as to be, as a matter of law, nonrecoverable. We have held that uncertain, contingent, and speculative damages can not be recovered. Barley's Adm'x v. Clover Splint Coal Co., 286 Ky. 218, 150 S.W.2d 670; Beaver Dam Coal Co. v. Brashear, 246 Ky. 69, 54 S.W. 2d 609; Union Cotton Co. v. Bondurant, 188 Ky. 319, 222 S.W. 66. In 1895, this Court stated that, due to the uncertainty of the market and the season, it was impossible to calculate the profits lost by a tenant from the landlord's refusal to give possession of the farm as agreed. Smith v. Phillips, 29 S.W. 358, 16 Ky.Law Rep. 615. However, that case differs materially from the case at bar. The Smith case dealt with a crop which had never been planted. There the tenant was attempting to estimate what he might have raised had he been permitted to perform his contract. The amount of effort which he might have put forth, the season, and the market price were necessarily conjectural. In the instant case the landlord is seeking damages after the crop had matured. The market price and seasonal conditions are susceptible of proof. The only dispute is whether or not the tenant exercised reasonable care in tending the crop, and if not, what would have been the value of the crop had he done so.

In Turpin v. Jones, 189 Ky. 635, 225 S.W. 465, the importance of the time when such suits are brought was emphasized. A tenant sued one month after the contract had been made and breached for damages resulting from the landlord's refusal to deliver possession of the farm. The damages were held to be purely conjectural, but it was intimated that had the tenant waited until after the crop had matured, he could have recovered. See also Adams v. Hambrick, 161 Ky. 797, 171 S.W. 398.

 Hence, it is clear that, while damages in this type of case may be difficult to prove, nevertheless they are not conjectural and speculative as a matter of law. If, on a trial, Spencer should be able to prove, beyond the realm of speculation, that had the crop been properly tended, as agreed, it would have had a greater value than was realized from it, he would be entitled to a recovery. Under the circumstances, it was error to dismiss the complaint for failure to state a claim upon which relief could be granted.

.In view of our decision on the dismissal of Spencer's complaint, it was improper to grant a judgment on the pleadings to Woods. A trial of the cause will necessitate consideration of Woods' performance of his duties under the contract. What, if anything, he may be due must await the outcome of the trial. It follows that the judgment on the pleadings was improperly granted. Such can be granted only if, on the facts, the moving party is clearly entitled to judgment. Moore's Federal Practice, 2nd Ed., section 8.03.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.