**HI HAT ELKHORN COAL COMPANY, Plaintiff-Appellant,**

v.

**INLAND STEEL COMPANY, Defendant-Appellee.**

No. 16478.

United States Court of Appeals
Sixth Circuit.

Dec. 21, 1966.

Luther E. Woods, Huntington, W. Va., and John M. Stephens, Pikeville, Ky. (Joe Hobson, Prestonsburg, Ky., on the brief), for appellant.

E. R. Hays, Pikeville, Ky. (Francis L. Rice, Baird & Hays, Pikeville, Ky., on the brief), for appellee.

Before O'SULLIVAN and PHILLIPS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

HARRY PHILLIPS, Circuit Judge.

Plaintiff-appellant ("Hi Hat") sued defendant-appellee ("Inland") for $750,-000 in damages claimed to have been caused by Inland dumping slate, sludge and other refuse which allegedly prevented Hi Hat from mining coal. After all the proof had been taken, the district

judge, the Honorable Bernard T. Moynahan, Jr., directed a verdict for Inland upon the ground that the proof of damages offered by Hi Hat was so speculative that it would be impossible to submit the issue of damages to the jury.

■ Jurisdiction is grounded on diversity of citizenship. Kentucky law controls.

On the appeal, Hi Hat contends that its proof was sufficient to require submission of the case to the jury and that the district court erred in directing a verdict.

The Elkhorn Coal Corporation originally owned the coal under a sizable tract of land in Kentucky. There were three seams. Elkhorn sold to Inland the mineral rights to seam No. 3. Inland also acquired from others the surface rights. Thereafter Hi Hat obtained a license to begin mining the other two seams of coal, Nos. 1 and 2. This license permitted Hi Hat to conduct exploratory operations and included an option to lease. If the option had been exercised, Hi Hat would have been required to have mined all the recoverable coal in seams Nos. 1 and 2.

Hi Hat commenced operations as a licensee, but never exercised its option to lease. It contracted with independent coal miners under agreements whereby the contractors would mine the coal and haul it to Hi Hat's coal tipple.

Hi Hat's cause of action is bottomed on the contention that Inland dumped slate, sludge and other refuse and that "because of the subsidence of said refuse pile of the defendant, the plaintiff was required to stop all further mining on said tract of land * * * and was prevented, by the acts of the defendant from mining any coal therefrom."

Hi Hat offered various items of proof to substantiate its claim for damages, including loss of prospective profits. In directing a verdict for Inland, the district judge ruled that the evidence of damages was based upon assumptions and speculation, not only as to loss of prospective profits, but also as to the amount of recoverable coal in the two seams and what amount of coal Hi Hat and its contractors were prevented from mining because of the slate and other refuse deposited by Inland.

■ It is well settled that damages will not necessarily be disallowed merely because they may be uncertain in amount. It is sufficient if the evidence shows the result of the damage as a matter of just and reasonable inference, although the result may be only approximate. Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 51 S.Ct. 248, 75 L.Ed. 544; Welders Supply, Inc. v. American Employers' Insurance Co., 358 F.2d 593 (C.A. 6); Lee Shops, Inc. v. Schatten-Cypress Co., 350 F.2d 12 (C.A.6), cert. denied, 382 U.S. 980, 86 S.Ct. 552, 15 L.Ed.2d 470; Flame Coal Co. v. United Mine Workers of America, 303 F.2d 39 (C.A.6), cert. denied, 371 U.S. 891, 83 S.Ct. 186, 9 L.Ed. 2d 125.

■ After examining all the evidence in the record in the present case, we agree with the conclusion of the district judge that the proof was too speculative for the case to be submitted to the jury and hold that the trial court did not err in directing a verdict. Kentucky West Virginia Gas Co. v. Frazier, 302 Ky. 642, 646, 195 S.W.2d 271; Spencer v. Woods, 282 S.W.2d 851, 852 (Ky.); Hines v. Denny, 190 Ky. 416, 422, 227 S.W. 567.

■ Hi Hat further asserts that the district court erred in refusing to admit into evidence certain photographs. Objections were made as to the admissibility of certain of the photographs, some of which were sustained and some overruled, depending upon the condition of the photograph, the time it was made and what it attempted to portray. The district court made rulings as to each objection when it was interposed. We find no prejudicial or reversible error in these rulings, especially in view of our decision upholding the action of the district court in taking the case from the jury and directing a verdict.

Affirmed.